**FILED**
**U.S. District Court**
**District of Kansas**
07/08/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAFAEL PEREZ,**

**Petitioner,**

v.                                                        **CASE NO. 26-3191-JWL**

**STATE OF KANSAS,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed on June 23, 2026 pursuant to 28 U.S.C. § 2254 by Petitioner Rafael Perez, a state prisoner currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. (Doc. 1.) With his petition, Petitioner filed a motion for leave to proceed in forma pauperis, but the motion was not on the required form. (Doc. 2.) In addition, Local Rule 9.1(g)(2)(A) states:

> Where a petitioner . . . is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

D. Kan. R. 9.1(g)(2)(A). Similarly, Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that federal habeas petitioners who do not pay the applicable filing fee must submit "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a), 28 U.S.C. foll. § 2254.

Although Petitioner submitted a certified account statement (Doc. 2-1), it reflected the balances in his institutional accounts as of November 2025, which was more than 6 months prior

1

to the filing of the petition that began this case. *Id.* Thus, the Court issued a notice of deficiency ("NOD") granting Petitioner time to submit the motion on the required form and to provide an executed certificate showing the current balances of his inmate accounts. (Doc. 4.)

On June 30, 2026, Petitioner filed a motion for leave to proceed in forma pauperis on the required form. (Doc. 5.) Attached to the motion was a certificate that reflects the amount of money on deposit in Petitioner's institutional accounts as of April 30, 2026. (Doc. 5-1.) On July 1, 2026, the Court issued an order stating:

> The Court has received Petitioner's motion to proceed in forma pauperis (Doc. 5) and account statement (Doc. 5-1), but the account statement does not comply with the requirement that it be "executed by an authorized officer of the institution in which [Petitioner] is confined." (See Doc. 4, p. 1.) Petitioner is granted to and including July 31, 2026 to supplement his motion for leave to proceed in forma pauperis (Doc. 5) with a properly executed inmate account statement or certificate.

(Doc. 6.)

This matter comes now before the Court on the account statement (Doc. 7) Petitioner filed on July 6, 2026. It is a duplicate of the inmate account statement Petitioner submitted on June 30, 2026. Because it appears that Petitioner may not understand what the Court means by "a properly executed" account statement, the Court enters this order to clarify to Petitioner how to comply with the requirement. The simplest way to do this is to compare the account statements Petitioner has filed in this case.

The initial account statement (Doc. 2-1) contains a section at the bottom of the page that states: "This is to certify that this statement represents a true summary of deposits and average daily balances for the period shown. The current balance of available funds is as reflected in the above statement." Doc. 2-1. Under this language, there appears the phrase "Certify Correct," the signature of a Kansas Department of Corrections ("KDOC") employee, the date the employee

2

certified the statement, and the designation that the employee holds the position of "Accountant I." *Id.*

In contrast, the account statements Petitioner submitted on June 30, 2026 and July 6, 2026 state: "This is to certify that this statement represents a true summary of deposits and average daily balances for the period shown. The current balance of available funds is as reflected in the above statement." (Doc. 5-1 and Doc. 7.) Setting aside the fact that neither statement includes information about an average daily balance, the important thing to note is that there is no indication that a KDOC officer executed—or certified—either account statements. The language "Certify Correct" appears on each statement next to empty space that presumably could be used for a KDOC employee to certify the information provided on the statement, but no such certification is shown. Instead, the space is blank. (*See* Doc. 7.) In other words, neither statement has not been "executed" by an appropriate officer of the institution in which Petitioner is confined. Petitioner remains obligated to provide the Court with a properly executed account statement.

**IT IS THEREFORE ORDERED** that the July 31, 2026 deadline by which Petitioner must submit a properly executed inmate account statement to support his pending motion for leave to proceed in forma pauperis (Doc. 5) remains in effect. Clarification of the meaning of "properly executed" is contained in this order. The Clerk is directed to transmit a copy of this order to the finance office of the institution where Petitioner is currently confined.

**IT IS SO ORDERED.**

DATED:   This 8th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

3