FILED
U.S. District Court
District of Kansas
08/19/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAFAEL PEREZ,**

**Petitioner,**

**v.** **CASE NO. 26-3191-JWL**

**STATE OF KANSAS[1],**

**Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 by Petitioner Rafael Perez, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has now paid the filing fee. The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter should be dismissed without prejudice because Petitioner's direct appeal remains pending in the state courts and at least some of the grounds for relief in his petition are unexhausted. Petitioner will be granted time to show cause, in writing, why this matter should not be dismissed without prejudice.

**Background**

In September 2019, in the District Court of Sedgwick County, Kansas, a jury convicted Petitioner of attempted second-degree murder, aggravated battery, aggravated assault, criminal possession of a weapon by a convicted felon, and two counts of criminal discharge of a firearm.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Nick Ball, the current warden of Lansing Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

*See State v. Perez*, 2024 WL 2233042, *1 (Kan. Ct. App. May 17, 2024) (unpublished) (*Perez I*); (Doc. 1, p. 1). The state district court sentenced him to 338 months in prison. *Perez I*, 2024 WL 2233042 at *8; (Doc. 1, p. 1). Petitioner appealed and, in an opinion issued on May 17, 2024, the Kansas Court of Appeals ("KCOA") reversed his conviction of criminal possession of a weapon by a convicted felon and remanded for further proceedings but affirmed his other convictions. *Perez I*, 2024 WL 2233042 at *1.

On remand, the State dismissed the criminal possession of a weapon charge, so the district court modified Petitioner's sentence to 329 months in prison, removing the 9 months imposed for the reversed conviction. *See State v. Perez*, 2026 WL 252973, *1 (Kan. Ct. App. Jan. 30, 2026) (*Perez II*), *pet. for rev. filed* Feb. 17, 2026. Petitioner appealed and, in January 2026, the KCOA affirmed the sentence reduction. *Id.* at *1-2. As of the date of this order, the online records of the Kansas Appellate Courts reflect that Petitioner filed a petition for review in the Kansas Supreme Court ("KSC") that remains pending. *See State v. Perez*, Appeal No. 128,825. On June 23, 2026, Petitioner filed in this Court a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241. (Doc. 1.)

**Rule 4 Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*,

425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Discussion**

The United States Supreme Court has long held that federal courts generally should not exercise their available habeas corpus power to discharge a person being detained by a state for trial[2] on a state crime, even where the person alleges that the detention is unconstitutional. *Ex parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). The second prong

---

[2] The Court recognizes that Petitioner is not awaiting trial, but the principles underlying the federal courts' abstention from interfering in state-court criminal proceedings remain applicable in this case.

is usually satisfied "'unless state law clearly bars the interposition of the federal statutory and constitutional claims.'" *Id.* With respect to the third prong, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that "*Younger* and *Ex parte Royall* are related doctrines"; both "are based upon 'comity, that is, a proper respect for state functions'" and "stand for 'the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings.' *Younger* addressed a federal court's equitable power to issue an injunction enjoining state proceedings, while *Ex parte Royall* . . . involved a request for habeas relief." *Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)).

The petition now before the Court implicates *Ex parte Royall* because Petitioner has not yet completed his direct appeal yet he asks this Court to exercise its habeas power to order his release from state custody. Moreover, even liberally construing the pro se petition, Petitioner does

not allege any of the circumstances that would exempt this case from the general rule in *Ex parte Royall*. *See* 117 U.S. at 252. Additionally, the three conditions in *Younger* appear to be satisfied with respect to Petitioner.

The criminal case against Petitioner is ongoing for *Younger* purposes. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings."). The State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, and in providing an appropriate forum for State prisoners to resolve constitutional issues. *See id.*; *See also In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007). Finally, the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in his direct appeal or, if necessary, in further proceedings like those brought under K.S.A. 60-1507. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Petitioner broadly alleges malicious misconduct by individuals involved in his state criminal cases, but he does not identify specific facts that show the type of extraordinary circumstances that would bring his case outside the scope of *Younger*.

The petition in this case and publicly available state district court records reflect that Petitioner has already attempted to seek state habeas relief under K.S.A. 60-1507, albeit prematurely. (Doc. 1, p. 3 (referring to Case No. "25CV1699")); *See also Perez v. State*, Case No. SG-2025-CV-001699, available at https://casesearch.kscourts.gov. The motion raised at least some of the same issues Petitioner argues in the federal habeas petition now before this Court. The state district court denied the motion in late July 2026 because it lacks jurisdiction over Petitioner's K.S.A. 60-1507 motion while his direct appeal is pending. Petitioner's direct appeal will at some point be final, and the jurisdictional bar on seeking relief under K.S.A. 60-1507 will cease.

The Court further notes that Ground Four of the current federal habeas petition appears to include a claim of ineffective assistance of counsel that was not raised in Petitioner's direct appeal but could potentially be raised in a K.S.A. 60-1507 motion. (*See* Doc. 1, p. 9.) This is important because "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). Generally speaking, to satisfy the exhaustion requirement, before Petitioner brings a claim for federal habeas relief, he must present the very issues raised in the federal petition to either the KCOA or the KSC, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 F. App'x. 556, 557 (10th Cir. 2020).

Petitioner will therefore be directed to show cause, in a single written response, filed on or before September 21, 2026, why this matter should not be summarily dismissed without prejudice[3] for the reasons set forth above. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Nick Ball, Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **September 21, 2026**, to submit a single written response to this order that shows cause why this matter should

[3] When a dismissal is "without prejudice," it will not independently bar Petitioner from returning to this Court and beginning a second federal habeas action with the same underlying grounds for relief. *See Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 858 (10th Cir. 2004). Thus, a dismissal of this matter without prejudice would not, by itself, preclude Petitioner from filing a second § 2254 petition in this Court after his state-court proceedings are complete and he has exhausted all available state-court remedies, as long as he complies with all other relevant laws, including the statute of limitations.

not be dismissed without prejudice for the reasons set forth in this order. If Petitioner fails to timely file a written response, this matter will be dismissed without further prior notice to him.

**IT IS SO ORDERED.**

DATED: This 19th day of August, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge