FILED
U.S. District Court
District of Kansas
09/09/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAFAEL PEREZ,**

**Petitioner,**

**v.** **CASE NO. 26-3191-JWL**

**NICK BALL,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Rafael Perez, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. This matter comes now before the Court on Petitioner's motion for appointment of counsel. (Doc. 15.) The motion for appointment of counsel asserts that Petitioner is in custody, he is financially unable to retain counsel, and his efforts to contact counsel have been unsuccessful. *Id.*

As Petitioner is aware, he has no constitutional right to counsel in a federal habeas corpus action, and whether to appoint counsel is a matter of discretion by the Court. *See id.* at 1; *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). The Court may appoint counsel if it "determines that the interest of justice so require," but Petitioner bears the burden to convince the Court that appointment of counsel is warranted. *See* 18 U.S.C. § 3006A(a)(2)(B); *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's

ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citation omitted).

After careful consideration, the Court concludes that the interest of justice does not currently require appointment of counsel for Petitioner. As explained in the memorandum and order to show cause (Doc. 14) issued on August 19, 2026, this matter is subject to dismissal without prejudice because Petitioner's direct appeal is ongoing in the state courts. Thus, the motion for appointment of counsel will be denied without prejudice. If this case proceeds past the initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and develops in a way that requires counsel, Petitioner may renew his motion. *See* Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (discussing discovery, expansion of the record, and evidentiary hearings).

**IT IS THEREFORE ORDERED THAT** the motion to appoint counsel (Doc. 15) is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED: This 9th day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge