FILED
U.S. District Court
District of Kansas
09/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAFAEL PEREZ,**

**Petitioner,**

**v.** **CASE NO. 26-3191-JWL**

**NICK BALL,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 by Petitioner Rafael Perez, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that it appears that this matter should be dismissed without prejudice because Petitioner's direct appeal remains pending in the state courts and at least some of the grounds for relief in his federal habeas petition are unexhausted. Thus, on August 19, 2026, the Court issued a memorandum and order to show cause ("MOSC") explaining its reasoning and granting Petitioner time to show cause, in writing, why this matter should not be dismissed without prejudice. (Doc. 14.)

Petitioner timely filed a response to the MOSC (Doc. 16), which the Court has read in full and carefully considered. Even liberally construing the pro se response, however, it does not address the abstention and exhaustion principles set forth in the MOSC. Rather, it focuses on the wrongs done to Petitioner by a vast number of individuals. (*See* Doc. 16.) An exception to the abstention doctrine exists in cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted). In in order to take

advantage of this exception, a petitioner must make more than mere allegations or conclusory statements regarding bad faith or harassment. *Id.* Petitioner has not done so. Accordingly, the Court will dismiss this case without prejudice[1] for the reasons set forth in the MOSC.

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 28th day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

[1] As noted in the MOSC, a dismissal "without prejudice" will not bar Petitioner from filing a new § 2254 petition in this Court after his state-court proceedings are complete and he has exhausted all available state-court remedies, as long as he complies with all other relevant laws, including the statute of limitations.